# Layton, Appellant, *v.* Union Traction Company.

*Negligence—Street railways—Master and servant—Defective appliance—Nonsuit.*

Where a horse runs into the front of a street car, crashing through the glass of the vestibule and injuring the motorman, the latter in a suit against the company for his injuries cannot charge the company with negligence in using on the car a defective air brake where the evidence fails to show a causal connection between the defective working of the brake and the accident.

Argued Jan. 19, 1910. Appeal, No. 348, Jan. T., 1909, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1902, No. 2,847, refusing to take off nonsuit in case of James H. Layton v. Union Traction Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STAAKE, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*John M. Doyle*, with him *Eugene Raymond*, for appellant.

*Thomas Leaming*, with him *Russell Duane*, for appellee.

PER CURIAM, February 21, 1910:

The plaintiff was employed by the defendant as a motorman. He alleged in his statement of claim that he was sent out with a car known by the defendant to be defective and that, because of the defective condition of the car, he was unable to control its motion and it ran into a horse, whereby he was injured. The proofs presented by him were that on his return to the car barn on a previous trip he told the electrician who had charge of the repair work that the air brake did not

work satisfactorily, and asked to have it fixed. Before starting on the next trip he was told that the car had been fixed and was all right. On this trip the brake worked perfectly until he had run a distance of about fifteen blocks, when he observed that it was "just not working exactly right." As he proceeded the defect became somewhat more noticeable. He was able to stop the car but not so quickly as if the brake had been in perfect condition. After he had gone some twelve blocks further and while going on a down grade at ordinary speed, he saw a runaway horse on the track seventy-five feet directly in front of him and approaching the car. He applied the brake and, as the car stopped, the horse crashed through the glass of the vestibule of the car.

It is difficult to trace any causal connection between the defective working of the brake and the accident. The car did not run into the horse, the horse ran into the car. This would have happened if the brake had been perfect and the car had been stopped a few feet farther back. It is argued that, if the car had stopped sooner, the plaintiff would have had time to step from the vestibule to the street or to have opened the door behind him and gone into the body of the car. The probability of the horse turning to one side of the car was certainly greater than that he would run directly into its front, and the vestibule was a safer place than the street at its side. When the plaintiff first saw the horse, it was on the track seventy-five feet from him and the car and the horse were rapidly approaching each other. That in the two or three seconds that intervened before the collision, he could have stopped any car, opened the door behind him and stepped back to a place of safety is highly improbable. He did not even contemplate doing so. The whole argument is based on fanciful assumptions of what possibly might have happened if the circumstances had been different.

The judgment is affirmed.